**Donald J. FERGUSON, Appellant,**

v.

**Lori Beth FERGUSON, Appellee.**

No. S–6764.

Supreme Court of Alaska.

Dec. 20, 1996.

---

G.R. Eschbacher, Anchorage, for Appellant.

James E. Curtain, Olmstead & Conheady, Juneau, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

## OPINION

COMPTON, Chief Justice.

### I. INTRODUCTION

This appeal presents two related questions: (1) whether an interest in an Individual Fishing Quota (IFQ) for halibut and sablefish is property subject to division if marital, and (2) how the marital portion of this interest should be determined. We hold that the superior court correctly treated the interest in the IFQ as property subject to division if marital, but abused its discretion in determining that the entire interest in the IFQ at issue was marital property.

### II. FACTS AND PROCEEDINGS

Donald J. Ferguson and Lori Beth Ferguson were married in December 1988. They separated in December 1993. The superior court divided their property in divorce proceedings held in October of 1994. One of the items the court determined to be marital property is an interest Donald holds in an IFQ for halibut and sablefish.

The IFQ program is a federal regulatory response to various problems in the halibut and sablefish fisheries, including allocation conflicts, discard mortality, safety, and economic stability. Pacific Halibut Fisheries; Groundfish of the Gulf of Alaska; Groundfish of the Bering Sea and Aleutian Islands; Limited Access Management of Fisheries Off Alaska, 58 Fed.Reg. 59,376 (1993). In the interest of promoting "the conservation and management of halibut and sablefish resources," the program replaces the previous "open access" regulatory regime with a limited access system. *Id.* To qualify for an IFQ, a person must have owned or leased a vessel that made fixed gear landings of halibut or sablefish during 1988, 1989, or 1990. 50 CFR § 676.20(a)(1)(i) (1994). Once people qualify, their initial "quota shares" are determined in proportion to their history of landings from 1984 to 1990 for halibut, and from 1985 to 1990 for sablefish. 50 CFR § 676.20(b) (1994).

The superior court determined that the interest Donald holds in the IFQ is marital property, because the time spent in the fisheries during the qualifying years which created the interest was spent during the marriage. Because the court determined that Donald's interest in the IFQ is marital property, it ruled that Lori is entitled to half the total value of this interest.[1]

Donald appeals the superior court's award of half the value of his interest in the IFQ to Lori.

## III. DISCUSSION

### A. Standard of Review

■ A trial court's determination of the property available for distribution in a property division "is reviewed under the abuse of discretion standard, although it may involve legal determinations to which this court applies its independent judgment." *Moffitt v. Moffitt*, 749 P.2d 343, 346 (Alaska 1988).

### B. The IFQ Is Property Subject to Division if It Is a Marital Asset.

■ Donald argues that the IFQ conveys no property rights and therefore should not be the subject of a property division. He supports this argument with language from the Federal Register stating that the IFQ "regulations do not convey property rights in the fishery resources," that "the IFQ program is not irreversible," and that "the IFQ program does not establish an entitlement to [quota shares] and IFQ, which, if 'taken' by the government, requires just compensation under the Fifth Amendment of the U.S. Constitution." 58 Fed.Reg. 59,400 (1993).

The superior court never attempted to divide any property interest in the fishery resources themselves. It could not have, since fish do not become the property of individuals until reduced to capture. Instead, the court merely divided the interest in the IFQ that has value independent of any fish that may or may not be caught. Furthermore, the fact that an interest in an IFQ does not constitute "property" for Fifth Amendment purposes is not determinative of whether such an interest is "property" for the purpose of a marital property division.

In *Moffitt* this court observed that business good will should be considered in a property division "if the evidence suggests that it has value and is marketable." 749 P.2d at 347. The same considerations are relevant here. An interest in an IFQ, while it may not be property under the Fifth Amendment, has value and is marketable. The IFQ has a value independent of the value of the fishery resources because it grants the holder the right to compete in an industry to which entry is limited. Furthermore, the holder is free to market this independent value, for a person holding an IFQ "may sell, lease, or otherwise transfer all or part of their [quota share] or IFQ to another person [ ] in accordance with [ ] transfer restrictions and procedures...." 50 CFR § 676.21 (1994).

Finally, we see no reason why Donald's interest in the IFQ should not be the subject of a finding that it is divisible marital property when a limited entry fishing permit[2] can be the subject of such a finding.[3] *See Brosnan v. Brosnan*, 817 P.2d 478, 479–80 (Alaska 1991); *Thomas v. Thomas*, 815 P.2d 374, 376–78 (Alaska 1991). While the federal IFQ program and the state system of limited entry permits differ in various ways, inter-

1. The court awarded Donald the actual interest in the IFQ.

2. The Limited Entry Act, AS 16.43, was passed by the Alaska legislature in 1973 "to promote the conservation and the sustained yield management of Alaska's fishery resource and the economic health and stability of commercial fishing in Alaska by regulating and controlling entry into the commercial fisheries in the public interest and without unjust discrimination." AS 16.43.010(a). "The Act specified that after January 1, 1974, 'no person may operate gear in the commercial taking of fishery resources without a valid entry permit or a valid interim-use permit[.]' " *Commercial Fisheries Entry Comm'n v. Apokedak*, 606 P.2d 1255, 1257 (Alaska 1980) (quoting AS 16.43.140).

3. Indeed, a limited entry permit was before the superior court in the Fergusons' divorce proceedings. Donald never argued that this permit could not be "property" subject to potential division; rather, he argued that it was his separate property, an argument with which the court agreed.

ests held through either regulatory scheme are of value for essentially the same basic reason, namely, for the right of limited access to fishery resources they provide.

An IFQ creates a property interest which, if marital, is subject to division.

### C. *The Superior Court Abused Its Discretion in Finding that the Entire Interest in the IFQ Is Marital Property and in Determining that Lori Was Entitled to Half the Value of this Interest.*

■ Donald observes that even if the Fergusons were married during 1988, 1989, and 1990, the qualifying years for participation in the IFQ program, the actual size of the quota share to which he is entitled is based on his participation in the fisheries from 1984 and 1985 through 1990, participation both prior to and during the marriage. Thus, he argues, Lori should only be awarded half the value of that portion of the quota share that is derived from landings during the marriage years; the portion of the quota share that is calculated on the basis of landings prior to the marriage should be considered separate pre-marital property. We agree with Donald and hold that the superior court abused its discretion in determining that the entire interest in the IFQ was marital property subject to division.

The value of Donald's interest in the IFQ depends on the size of his quota share. In determining that Lori was entitled to half the value of the entire interest in the IFQ, the superior court effectively treated as marital property that part of Donald's quota share that will be calculated on the basis of his labor prior to the marriage. Insofar as the value of Donald's interest in the IFQ is based on work he performed prior to the marriage, however, it is separate property; it "is marital property only to the extent that it is attributable to work performed during the marriage." *Chotiner v. Chotiner,* 829 P.2d 829, 832 (Alaska 1992) (holding that military severance payments based on years of service are part separate and part marital property, in proportion to the number of years spent in the service prior to and during marriage); *see also Doyle v. Doyle,* 815 P.2d

366, 370 (Alaska 1991) (affirming superior court's award to wife of one-half of husband's retirement pension accrued only during the years of the marriage).

We reverse the superior court's award of half the total value of Donald's interest in the IFQ to Lori. On remand, the superior court must determine what percentage of the value of Donald's interest in the IFQ is the result of his labor in the fisheries prior to the Fergusons' marriage. The total value of the interest in the IFQ must then be reduced by this percentage before the court equally divides the marital portion of the interest that remains.

### IV. *CONCLUSION*

We AFFIRM the superior court's conclusion that the interest in the IFQ is property subject to division if marital, but REVERSE its conclusion that the entire interest in the IFQ is marital property. We REMAND for a determination of what percentage of the IFQ's value is based on landings during the marital years. On remand, Lori should be awarded half the value of this percentage of the total value of the interest in the IFQ.