**In re George SCHMITZ, Debtor.**

**Kenneth W. Battley, Plaintiff,**

v.

**George R. Schmitz, and William C. Sliney, Defendants.**

**Kenneth W. Battley, Plaintiff,**

v.

**George R. Schmitz, Defendant.**

**Bankruptcy No. A92–00274–HAR. Adversary Nos. A92–00274–004–HAR (BANCAP No. 97–3211), A92–00274–003–HAR (BANCAP No. 97–3008).**

United States Bankruptcy Court, D. Alaska.

March 25, 1999.

William D. Artus, Anchorage, AK, for Artus & Choquette.

Cabot Christianson, Anchorage, AK, for George R. Schmitz, Bundy & Christianson.

Robert P. Crowther, Anchorage, AK, for William C. Sliney, Sole Proprietor.

## SUPPLEMENTAL MEMORANDUM REGARDING JUDGMENT REVOKING DISCHARGE OF DEBTOR

HERBERT A. ROSS, Bankruptcy Judge.

This supplemental memorandum is to note a recent Alaska case which supports the conclusion in of my prior memorandum[1] that the IFQ/quota shares in the *Schmitz* case were property of the bankruptcy estate. On March 12, 1999, the Supreme Court of Alaska decided *McGee v. McGee*[2] which held that:

2. The quota shares and IFQs are property.

A dissolution decree distributes "all jointly owned real and personal property" that was "acquired only during marriage." We held in *Ferguson v. Ferguson*[3] that quota shares distributed during marriage are divisible marital property.

On the theory the quota shares and IFQs were not divisible marital property because they did not exist when the court entered the dissolution decree, Ken argues that the court erred by granting Rule 60(b) relief. He contends that the potential right to quota shares was far too speculative to be considered marital property when the court dissolved the marriage, and that *Ferguson* is inapposite because the Fergusons were divorced after the quota share program was implemented.

We reject these contentions. The quota shares are marital property even though the quota share program did not exist when the decree was entered. The program established a right to receive property (the quota shares and IFQs) based on the vessel's activity in the qualifying years while Debra and Ken were married. The quota shares were based on their joint efforts during the marriage, and are thus analogous to income or assets received for activities during the marriage. Income and assets received after the dissolution for activities performed during the marriage are deemed divisible marital property.

Moreover, in *Ferguson* we held that the husband had a separate property interest in IFQs awarded "based on work he had performed prior to the marriage" long before the IFQ program was implemented.

Ken cites cases holding that potential government benefits are speculative and are therefore not divisible property. We think these cases are inapposite. Once the NMFS chose to implement its proposed quota share program, the McGees' right to receive quota shares and IFQs was not at all speculative. The only uncertainty was whether the NMFS would adopt the program; that uncertainty is insufficient to defeat Debra's right to share in property her marital contributions helped produce.

. . .

We therefore conclude that the superior court did not err by treating the quota shares as divisible marital property.

---

1. *Memorandum Regarding Judgment Revoking Discharge of Debtor,* Docket Entry 73, filed December 15, 1998, and reported at 224 B.R. 117 (Bankr.D.Alaska 1998).

2. 974 P.2d 983, 987–88 (Alaska 1999) [all footnotes from original omitted].

3. 928 P.2d 597, 600 (Alaska 1996).